IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

NIMIR PETROLEUM CO., LTD.,     )
                               )
        Plaintiff,             )
                               )
        v.                     )     1:06cv471(JCC)
                               )
STEVEN W. BAUMGART, *et al.,*   )
                               )
        Defendants.            )

### M E M O R A N D U M   O P I N I O N

This matter is before the Court on Defendant's motion
to dismiss pursuant to Rules 12(b)(2) and 12(b)(5) of the Federal
Rules of Civil Procedure.  For the following reasons, the Court
will deny Defendant's motion.

### I. Background

Plaintiff, Nimir Petroleum Company, Ltd. ("Nimir") has
brought this action against Defendants, Steven W. Baumgart,
Midway Oil Holdings, Ltd. ("MOHL"), and Midway Trading, Inc.
("Midway"), alleging breach of contract, fraud, and negligent
misrepresentation.  The action arises from a December 11, 2002
Memorandum of Agreement ("MOA") in which Nimir agreed to advance
$5 million to MOHL through the purchase of ten $500,000
convertible promissory notes.  Baumgart signed the MOA and the
promissory notes as president of MOHL.

In the MOA, MOHL represented and warranted that neither
it nor any of its employees had made illegal kickbacks with
falsely recorded corporate funds, payments from corporate funds

to government officials for improper purposes, or illegal payments from corporate funds to obtain or retain business.  On October 20, 2005, however, MOHL pleaded guilty in a New York state court to paying Saddam Hussein's regime more than $440,000 in illegal kickbacks in 2000 and 2001 to purchase discounted Iraqi crude through the United Nations Oil-for-Food program. Nimir learned of MOHL's conduct through media reports of the guilty plea.  Nimir also learned that Baumgart had diverted some of the invested funds for his own personal use and for the use of Midway, in violation of certain restrictions contained within the MOA.  MOHL also breached various promissory notes by failing to make required payments of principal and accrued interest.

On November 10, 2005, Nimir notified MOHL of the defaults but received no response.  Subsequently, on February 24, 2006, Nimir invoked the MOA's acceleration provision and informed MOHL that the entire principal amount of the promissory notes, together with interest, was immediately due.  After MOHL failed to pay, Nimir filed the instant action against Defendants.  On May 24, 2006, MOHL filed a motion to dismiss for lack of personal jurisdiction and insufficient service of process.[1]  On June 9, 2006, the Court entered an Agreed Order continuing MOHL's motion to dismiss for approximately one month to permit the parties to conduct jurisdictional discovery.  The parties have since

---

[1]Baumgart and Midway have both filed answers in which neither has contested personal jurisdiction or service of process.

-2-

conducted informal discovery, and MOHL's motion to dismiss is now before the Court.

## II.  Standard of Review

Federal Rule of Civil Procedure 12(b)(2) permits dismissal of an action where the court lacks the requisite personal jurisdiction.  To establish jurisdiction over a non-resident, this Court must consider whether jurisdiction is authorized by Virginia law and whether the exercise of personal jurisdiction is consistent with traditional notions of fair play and due process.  *See Ellicott Mach. Corp. v. John Holland Party Ltd.*, 995 F.2d 474, 477 (4th Cir. 1993); *Blue Ridge Bank v. Veribanc, Inc.*, 755 F.2d 371, 373 (4th Cir. 1985).  Virginia's long-arm statute extends personal jurisdiction to the fullest extent permitted by due process.  *See English & Smith v. Metzger*, 901 F.2d 36, 38 (4th Cir. 1990).  It may, however, be possible for the contacts of a non-resident defendant to satisfy due process but not meet the specific grasp of a Virginia long-arm statute provision.  *See Blue Ridge Bank v. Veribanc, Inc.*, 755 F.2d 371, 373 (4th Cir. 1985); *DeSantis v. Hafner Creations, Inc.*, 949 F.Supp. 419, 423 (E.D. Va. 1996).  Once the existence of personal jurisdiction is properly challenged by a defendant, the plaintiff bears the burden of demonstrating personal jurisdiction by a preponderance of the evidence.  *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989).

## III. Analysis

A.  Personal Jurisdiction

Nimir's assertion of personal jurisdiction over MOHL is based on its allegation that Baumgart resides in Reston, Virginia, and that MOHL operates and transacts business out of Baumgart's residence.  In response, MOHL has submitted an affidavit signed by Baumgart in his capacity as president of MOHL.  Baumgart attests that MOHL is incorporated under the laws of the Turks and Caicos islands and that its principal place of business is in Vienna, Austria.  He states that MOHL's only object of business is to acquire oil production rights in Iraq, Syria, and Russia, and that in addition to doing business in those three countries, MOHL maintains offices in Greece, Switzerland, and Austria.

According to Baumgart's affidavit, three Virginia residents have acted on behalf of MOHL.  MOHL has, on its letterhead and in a brochure, published a Virginia post office box and telephone numbers, together with the addresses and telephone numbers of its European offices.  Baumgart has also occasionally used a telephone in Virginia to provide information concerning the status of MOHL's business to individuals located outside of the United States.  Baumgart attests, however, that MOHL is structured to avoid conducting any business within the United States in order to avoid liability for U.S. taxes.

-4-

Furthermore, according to Baumgart, MOHL entered into the MOA with Nimir in the United Kingdom. Baumgart subsequently met with Tucker Link, Nimir's president, on various occasions in London, Dubai, Athens, Geneva, Beirut, and Paris to discuss the status of MOHL's attempt to acquire oil production rights in Iraq. Using a telephone located in Virginia, Baumgart also briefed Link, who was located outside of the United States, on the status of this project as many as three times per month over the course of one year. Baumgart also attests that MOHL used a bank account located in Virginia to receive and disburse funds, which presumably were related to the promissory notes purchased by Nimir and the acquisition of oil production rights in Iraq.

Nimir's complaint alleges personal jurisdiction over MOHL both because it regularly transacts business within Virginia and because some of the business transacted within Virginia is connected to the MOA and the promissory notes. Thus, Nimir alleges a case for the exercise of both specific jurisdiction and general jurisdiction. The Court needs not address both aspects of Nimir's argument, however, as the allegations and evidence before the Court are sufficient to satisfy the Virginia long-arm statute and support the exercise of specific jurisdiction.

The Virginia long-arm statue permits the exercise of personal jurisdiction over any person "who acts directly or by an

agent, as to a cause of action arising from the person's . . . [t]ransacting any business in this Commonwealth." Va. Code § 8.01-328.1(A)(1). This provision extends the Court's personal jurisdiction to encompass any nonresidents who transact business within Virginia. *Peanut Corp. of Am. v. Hollywood Brands, Inc.*, 696 F.2d 311, 313-14 (4th Cir. 1982). One act of transacting business is sufficient. *Id.* at 314. The long-arm statute can be satisfied where the nonresident defendant has not procured a certificate of authority to operate in Virginia. *See id.*

In this case, MOHL's own affidavit establishes facts sufficient to satisfy the long-arm statute. In Baumgart's own words, "[a]s many as three (3) times per month over the period of a year, Mr. Baumgart, from a telephone in Virginia, briefed Mr. Link, located outside the United States, on the Project." (Aff. of Midway Oil Holdings, Inc., at 2.) Furthermore, MOHL used a Virginia-based bank account to receive and disburse funds related to this project. Any single act of briefing or any single financial transaction related to the MOA, the promissory notes, or the project conducted by MOHL pursuant to these agreements would be sufficient to meet the requirements of Va. Code § 8.01-328.1(A)(1).

The only remaining question is whether the exercise of personal jurisdiction would satisfy the Due Process Clause of the Fourteenth Amendment. The assertion of personal jurisdiction

-6-

over a nonresident defendant satisfies due process requirements where the defendant has "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)).  As the Supreme Court has stated, "the constitutional touchstone remains whether the defendant purposefully established 'minimum contacts' in the forum State." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985) (quoting *Int'l Shoe Co.*, 326 U.S. at 316).  In other words, personal jurisdiction is appropriate where "the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).  Where, as here, a court asserts specific jurisdiction over a non-resident defendant, the litigation must arise out of or be related to the defendant's contacts with the forum.  *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n.8 (1984).

In this case, MOHL claims that its only business is the acquisition of oil production rights in Iraq, Syria, and Russia, that its only offices are Greece, Switzerland, and Austria, and that it conducts no business within the United States.  The evidence is sufficient, however, to support an inference at this

-7-

stage that Baumgart directed the conduct of at least some of MOHL's business from within Virginia.  It is clear that MOHL maintained a business address and a business telephone number within Virginia and that MOHL listed this contact information in its promotional material as its U.S. office.  From this office, MOHL engaged in a series of actions related to the claims set forth by Nimir in the instant suit.  Baumgart used this office to brief Nimir's president on a repeated basis regarding MOHL's endeavors to acquire Iraqi oil production rights.  MOHL's attempts to acquire these oil production rights and the briefings about these attempts were conducted pursuant to MOHL's agreements with Nimir.  Furthermore, MOHL used a bank account in Virginia to receive and disburse funds, including funds that are at issue in this case.

As this series of purposeful actions demonstrates, MOHL's contacts with Virginia were neither random, fortuitous, nor attenuated.  *See Burger King*, 471 U.S. at 475.  In light of the Virginia contacts that were related to the MOA and the funds issued under the promissory notes, MOHL cannot legitimately claim surprise at the prospect of being haled into a Virginia court. Accordingly, the Court finds that the exercise of personal jurisdiction over MOHL is proper.

B.   Service of Process

       Nimir attempted to serve process upon MOHL by serving
Baumgart at his residence in Reston, Virginia.   MOHL claims,
however, that it is not authorized to transact business in
Virginia.   As such, MOHL argues that Virginia law does not permit
service to be made upon MOHL in this manner and that Baumgart had
no authority to accept service of process in Virginia on behalf
of MOHL.   MOHL seeks dismissal of the claims against it for
insufficiency of service of process, pursuant to Rule 12(b)(5) of
the Federal Rules of Civil Procedure.

       Virginia law permits service of process on a foreign
corporation transacting business in Virginia without
authorization.   Such service of process must be effected "by
personal service on any agent of a foreign corporation
transacting business in the Commonwealth without such
authorization, wherever any such officer, director, or agents be
found within the Commonwealth."   Va. Code § 8.01-301(1).   As
stated in the preceding discussion, the evidence demonstrates
that MOHL was transacting business in Virginia through Baumgart.
Furthermore, as president of the corporation, Baumgart is an
officer of MOHL.   Because MOHL was transacting business within
Virginia and because Nimir served process upon an agent of MOHL
within Virginia, the requirements of Va. Code § 8.01-301(1) have
been satisfied.   As such, the service of process is sufficient to

withstand a Rule 12(b)(5) motion.  *See* Fed. R. Civ. P. 4(e)(1),
(h)(1) (permitting service of process upon a corporation pursuant
to the law of the state in which the district court is located).

### IV. Conclusion

        For the reasons stated above, the Court will deny
Defendant MOHL's motion to dismiss.  An appropriate Order will
issue.


July 17, 2006                    _____/s/_____
Alexandria, Virginia                    James C. Cacheris
                                 UNITED STATES DISTRICT COURT JUDGE