```
          IN THE UNITED STATES DISTRICT COURT FOR THE
                   EASTERN DISTRICT OF VIRGINIA

                         Alexandria Division

NIMIR PETROLEUM CO., LTD.,     )
                               )
          Plaintiff,           )
                               )
          v.                   )     1:06cv471(JCC)
                               )
STEVEN W. BAUMGART, et al.,    )
                               )
          Defendants.          )
```

**M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Defendant Midway Oil Holdings' motion for reconsideration of the Court's July 17, 2006 Memorandum Opinion and Order denying its motion to dismiss. This matter is also before the Court on Defendant Midway Trading's and Defendant Steven W. Baumgart's motion for summary judgment. For the following reasons, the Court will deny the motion for reconsideration and deny the motion for summary judgment.

**I. Background**

Plaintiff, Nimir Petroleum Company, Ltd. ("Nimir") has brought this action against Defendants, Steven W. Baumgart, Midway Oil Holdings, Ltd. ("MOHL"), and Midway Trading, Inc. ("MTI"), alleging breach of contract, fraud, and negligent misrepresentation. The action arises from a December 11, 2002 Memorandum of Agreement ("MOA") in which Nimir agreed to advance $5 million to MOHL through the purchase of ten $500,000 convertible promissory notes. Baumgart signed the MOA and the

promissory notes as president of MOHL.  The MOA contained the following representation:

> The Company [MOHL] has not made, nor has any employee, agent or representative of the Company made, any bribes, kickbacks, illegal payments, political contributions with corporate funds that were falsely recorded on the books and records of the Company, payments from corporate funds to government officials for improper purposes or illegal payments from corporate funds to obtain or retain business.

(Compl. ¶ 12.)

The factual basis for this action, as alleged by Nimir, is as follows:  On October 20, 2005, MTI pleaded guilty in a New York state court to paying Saddam Hussein's regime more than $440,000 in illegal kickbacks in 2000 and 2001 to purchase discounted Iraqi crude through the United Nations Oil-for-Food program.[1]  Nimir learned of this conduct through media reports of the guilty plea.  Nimir also learned that Baumgart had diverted some of the invested funds for his own personal use and for the use of MTI, in violation of certain restrictions contained within the MOA.  MOHL also breached various promissory notes by failing to make required payments of principal and accrued interest.

On November 10, 2005, Nimir notified MOHL of the defaults but received no response.  Subsequently, on February 24, 2006, Nimir invoked the MOA's acceleration provision and informed

---

[1] In its July 17, 2006 Memorandum Opinion, the Court mistakenly recited Nimir's complaint as alleging that MOHL entered this guilty plea.  In actuality, Nimir's complaint alleges and the evidence before the Court shows that MTI, not MOHL, entered the October 20, 2005 guilty plea.

MOHL that the entire principal amount of the promissory notes, together with interest, was immediately due. After MOHL failed to pay, Nimir filed the instant action against Defendants. On May 24, 2006, MOHL filed a motion to dismiss for lack of personal jurisdiction and insufficient service of process. On June 9, 2006, the Court entered an Agreed Order continuing MOHL's motion to dismiss for approximately one month to permit the parties to conduct jurisdictional discovery. After the parties conducted some informal discovery, the Court entered a Memorandum Opinion and Order dated July 17, 2006, denying MOHL's motion to dismiss.

On July 26, 2006, MTI and Baumgart filed a motion for summary judgment. On the same date, MOHL filed a motion for reconsideration of the Court's July 17, 2006 Order, or in the alternative, for leave to file an immediate appeal. Finally, on August 18, 2006, MTI and Baumgart filed an amended motion for summary judgment. These motions are currently before the Court.

## II. Standard of Review

A. Motion for Reconsideration

As there is no explicit provision in the Federal Rules of Civil Procedure governing motions for reconsideration of interlocutory orders, the Court will be guided Rule 59(e), which allows an aggrieved party to file a motion to alter or amend a judgment within ten days of its entry. The Fourth Circuit has explained that "courts interpreting Rule 59(e) have recognized

three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993). The appropriateness of granting a motion to reconsider is within the sole discretion of the Court. *Boryan v. United States*, 884 F.2d 767, 771 (4th Cir. 1989).

B.  Motion for Summary Judgment

As set forth in Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriate when the moving party can show by affidavits, depositions, admissions, answers to interrogatories, pleadings, or other evidence, "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56 mandates entry of summary judgment against a party who "after adequate time for discovery and upon motion . . . fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The moving party is not entitled to summary judgment if there is a genuine issue of material fact in dispute. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine issue of fact exists if a reasonable jury could return a

verdict for a nonmoving party. *See id.* In other words, summary judgment appropriately lies only if there can be but one reasonable conclusion as to the verdict. *See id.* As the Fourth Circuit explained,

> we must draw any permissible inference from the underlying facts in the light most favorable to the party opposing the motion. Summary judgment is appropriate only where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, such as where the non-moving party has failed to make a sufficient showing on an essential element of the case that the non-moving party has the burden to prove.

*Tuck v. Henkel Corp.*, 973 F.2d 371, 374 (4th Cir. 1992) (internal citations omitted), *abrogated on other grounds in Hazen Paper Co. v. Biggins*, 507 U.S. 604 (1993).

### III. Analysis

A.  MOHL's Motion for Reconsideration

In its motion for reconsideration, MOHL does not set forth any new evidence or an intervening change in controlling law. Rather, MOHL argues that the Court erred in concluding that Nimir's claims arise out of MOHL's Virginia contacts, as is required by the "transacting business" provision of the Virginia long-arm statute. *See* Va. Code § 8.01-328.1(A)(1).

This Court has previously elaborated on the standards governing a motion to reconsider on account of a purported error of law:

> "The motion to reconsider would be appropriate where, for example, the Court has patently misunderstood a party, or has made a decision outside the adversarial issues

> presented to the Court by the parties, or has made an error not of reasoning but of apprehension.  A further basis for a motion to reconsider would be a controlling or significant change in the law or facts since the submission of the issue to the Court.  Such problems rarely arise and the motion to reconsider should be equally rare."  A motion to reconsider cannot appropriately be granted where the moving party simply seeks to have the Court "rethink what the Court ha[s] already thought through-rightly or wrongly."

*Clark v. Va. Bd. of Bar Exam'rs*, 861 F. Supp. 512, 518 (E.D. Va. 1994) (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)).  In this case, MOHL merely rehashes the argument made to this Court on a previous occasion, namely, that it has no Virginia contacts that gave rise to any of Nimir's claims.  The Court has already considered this argument, thoroughly analyzed it in light of Baumgart's affidavit admitting to various Virginia contacts, and rejected it.  The Court will not now consider a mere restatement of the same argument.

MOHL also objects to two statements in the "Background" section of the Court's July 17, 2006 Memorandum Opinion.  Specifically, the Court stated in its Opinion that MOHL pleaded guilty in a New York state court to paying illegal kickbacks in 2000 and 2001 and that Baumgart diverted Nimir's invested funds for his own use and for MTI's use, in violation of the MOA.  MOHL claims that these statements are without basis and seeks correction of the Court's opinion.  The Court's statement regarding the guilty plea was based on a mistaken reproduction of

Nimir's complaint; in actuality, Nimir alleged that MTI, not MOHL, pleaded guilty to the illegal kickbacks charge. This detail has been corrected in the present Opinion. *See* note 1, *supra*. In any case, neither statement was part of the Court's findings or conclusions; rather, the statements were made as part of the recitation of the pertinent allegations of Nimir's complaint. As the matter was before the Court on MOHL's motion to dismiss, the Court's reliance on the complaint for background purposes was entirely proper.

In the alternative, MOHL seeks certification of an interlocutory appeal of the Court's Order denying its motion to dismiss. As a general rule, a litigant may not appeal from a non-final order. *See* 28 U.S.C. § 1291. Where the Court is of the opinion, however, that an interlocutory order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation," the Court will so state in writing. 28 U.S.C. § 1292(b). The Court of Appeals has discretion to permit an appeal from such an interlocutory order. *See id.*

Here, MOHL has cited no authority or factors to support the proposition that "substantial ground for difference of opinion" exists with respect to the Court's personal jurisdiction determination. In fact, given that MOHL's own president has

admitted to a variety of Virginia contacts, many of which are intertwined with the instant litigation, the Court is of the opinion that substantial grounds for difference of opinion do not exist in this case.  As such, the Court will deny MOHL's motion for certification of an interlocutory appeal.

B.  MTI and Baumgart's Motion for Summary Judgment

Nimir's complaint sets forth five claims for relief. Counts I and II allege that Defendants breached certain repayment obligations set forth in the MOA.  Count III alleges that Defendants breached the MOA's provisions regarding restrictions on the use of Nimir's invested funds.  Count IV alleges that Defendants made fraudulent misrepresentations upon entering into the MOA and upon the closing on each promissory note,[2] and Count V alternatively alleges that these misrepresentations were negligent.  On July 26, 2006, MTI and Baumgart filed a motion for summary judgment, seeking dismissal of each of the claims against them.  On August 18, 2006, MTI and Baumgart filed an "Amended Motion for Judgment on the Pleadings and for Summary Judgment," which contained virtually identical arguments as their first summary judgment motion.[3]

---

[2] The alleged false statements were MOHL's representations and warranties that neither it nor any of its employees, agents, or representatives had made illegal kickbacks or payments.

[3] Federal Rule of Civil Procedure 12(c), which sets forth the standard for motions for judgment on the pleadings, states that the motion shall be treated as one for summary judgment where "matters outside the pleadings are presented to and not excluded by the court."  Fed. R. Civ. P. 12(c). Defendants' motion relies substantially on the affidavits of Baumgart and MTI,

Nimir entered into the MOA and the promissory notes with MOHL alone; MTI and Baumgart were not parties to these agreements. Nimir's claims against MTI and Baumgart are primarily based on allegations that Baumgart, MTI, and MOHL are alter-egos of each other and are thus legally responsible for each other's actions and liabilities. It is axiomatic under Virginia law that "a corporation is a legal entity entirely separate and distinct from the shareholders or members who compose it." *Cheatle v. Rudd's Swimming Pool Supply Co., Inc.*, 360 S.E.2d 828, 831 (Va. 1987). In order to succeed in its attempt to disregard MOHL's corporate entity, Nimir must establish that the person or entity sought to be held liable for the MOHL's debts "has controlled or used the corporation to evade a personal obligation, to perpetrate fraud or a crime, to commit an injustice, or to gain an unfair advantage." *O'Hazza v. Executive Credit Corp.*, 431 S.E.2d 318, 320 (Va. 1993).

To refute Nimir's alter-ego claims, MTI has submitted an affidavit, signed by Baumgart in his capacity as president of MTI. According to this affidavit, Baumgart is not a shareholder of MTI. Further, MTI attests that it, not MOHL, entered the guilty plea referenced in Nimir's complaint and that it, not MOHL, made the illegal kickbacks referenced in the plea agreement with funds owned by MTI. MTI also attests that MOHL had no

---

and so the Court will consider it to be solely a motion for summary judgment.

participation or connection, at any time, with the activities described in MTI's plea agreement.  According to MTI, it has never done any business with MOHL, received any funds from MOHL, had any kind of relationship with MOHL, or taken any action of any kind with respect to MOHL.

Baumgart has also submitted an affidavit signed in his individual capacity.  Baumgart attests that he is not a shareholder of MOHL.  He describes the object of the MOA as the acquisition of a Production Sharing Agreement ("PSA") to produce oil in Iraq.  According to Baumgart, the funds that Nimir invested in MOHL were used exclusively to obtain the PSA.  Furthermore, Baumgart attests that Nimir had knowledge, prior to the execution of the MOA, of the prior illegal kickbacks made by MTI and referenced in Nimir's complaint.  Finally, Baumgart states, in conclusory fashion, that he did not use MOHL to perpetuate any fraud or injustice upon Nimir or to gain an unfair advantage with respect to Nimir.

As a general rule, summary judgment is appropriate only after "adequate time for discovery."  *Celotex*, 477 U.S. at 322; *Temkin v. Frederick County Comm'rs*, 945 F.2d 716, 719 (4th Cir. 1991), *cert. denied*, 502 U.S. 1095.  "[S]ummary judgment must be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition." *Anderson*, 477 U.S. 242, 250 n.5.  Rule 56 provides:

> Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

Fed. R. Civ. P. 56(f).

The party opposing summary judgment bears the burden of showing what specific facts it hopes to discover that will raise an issue of material fact. *See Nguyen v. CNA Corp.*, 44 F.3d 234, 242 (4th Cir. 1995). "Vague assertions" that more discovery is needed are insufficient. *Id.* Courts, generally, place great weight on a Rule 56(f) affidavit, believing that "[a] party may not simply assert in its brief that discovery was necessary and thereby overturn summary judgment when it failed to comply with the requirement of Rule 56(f) to set out reasons for the need for discovery in an affidavit." *Evans v. Techs. Applications & Service Co.*, 80 F.3d 954, 961 (4th Cir. 1996) (quoting *Nguyen*, 44 F.3d at 242).

In this case, discovery has not yet commenced. Nimir argues that summary judgment is premature and has submitted a sworn declaration from Louis Tucker Link, its president, in support. According to Link, Nimir has no knowledge of how Defendants misused Nimir's invested funds, does not know the specific relationships and dealings between Defendants, and does not know who exactly made the illegal payments that gave rise to

MTI's guilty plea.  In each instance, Nimir's lack of knowledge results from Defendants' failure to provide information that is within their exclusive control.  Link attests that Nimir requires discovery to support its claims.

The theories asserted in Nimir's complaint require Nimir to prove that the MTI's payments and business are also the payments and business of Baumgart and MOHL, and that Baumgart directed and controlled MTI's activities.  This, in turn, requires proof of Nimir's theory that MOHL, Baumgart, and MTI are all alter-egos of each other.  The information that is most pertinent to these allegations is likely within Defendants' possession, and Nimir is entitled to discovery on its claims.  At this early stage in the proceedings, the Court will not take Defendants' affidavits at face value and will deny Defendants' motion for summary judgment.

### IV. Conclusion

For the reasons stated above, the Court will deny MOHL's motion for reconsideration and deny MTI and Baumgart's motion for summary judgment.  An appropriate Order will issue.


September 13, 2006                 _____/s/_____
Alexandria, Virginia                        James C. Cacheris
                                   UNITED STATES DISTRICT COURT JUDGE